RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
DAVIS H. FORSYTHE
e-mail: davis.forsythe@usdoj.gov
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
601 D. Street, N.W.
Washington, D.C. 20004-2904
Tel: (202) 616-6528
Fax: (202) 514-2583
Mass. Bar Number: 667115

THOMAS P. O'BRIEN
United States Attorney
LEON W. WEIDMAN
Assistant United States Attorney
Chief, Civil Division
Central District of California
300 North Los Angeles Street, room 7516
Los Angeles, California 90012-3308

Attorneys for Plaintiff United States of America

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,          Plaintiff,     v.  KRISTIN R. BLAKE,          Defendant. | CV 07-05001-MMM(FMOx)  **CONSENT DECREE** |

This Consent Decree is entered into between the United States, on behalf of the Secretary of the United States Department of the Interior ("DOI") and the National Park Service, and Defendant Kristin R. Blake.

## INTRODUCTION

A. Plaintiff United States filed a Complaint against Defendant under the Park System Resource Protection Act, 16 U.S.C. §§ 19jj to 19jj-4 ("PSRPA") and California trespass law, including Cal. Civ. Code § 3346 and Cal. Civ. Proc. Code § 733, seeking Damages and Response Costs for Defendant's destruction of park system resources in the Santa Monica Mountains National Recreation Area ("SMMNRA").

B. The Complaint alleges that on or around August 18, 2003, Defendant caused her employee, Raul Ramos, to cut a horse trail on a parcel owned by the United States and located within the SMMNRA. Construction of the horse trail resulted in injury to and destruction of park system resources (vegetation) over hundreds of square meters. The cutting of the horse trail is hereinafter referred to as "the Incident."

C. The National Park Service investigated the Incident and conducted a damage assessment of the impacted property. The costs of these activities are both "Response Costs" and "Damages" within the meaning of the PSRPA. 16 U.S.C. § 19jj (b) and (c).

D. Defendant does not admit liability to Plaintiff arising out of the transactions or occurrences alleged in the Complaint, and does not admit any of the allegations of the Complaint.

E. This settlement is made in good faith after arm's-length negotiations. The United States and Defendant agree, and this Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith, that settlement of this matter and entry of this Consent Decree will avoid litigation between the Parties, is the most appropriate means to resolve the matters covered herein, and is fair, reasonable and in the public interest.

**NOW, THEREFORE**, with the consent of the Parties to this Consent Decree, it is hereby **ORDERED, ADJUDGED AND DECREED**:

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 16 U.S.C. § 19jj-2(a) (PSRPA Actions) and 28 U.S.C. §§ 1331 (federal question) and 1345 (United States as plaintiff).

## BINDING EFFECT

2. This Consent Decree applies to and is binding upon the United States and upon Defendant and her heirs and assigns.

## DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree, including Response Costs and Damages, shall have the meanings ascribed to them in the PSRPA, 16 U.S.C. §§ 19jj to 19jj-4. The following definitions also apply to terms used in this Consent Decree:

    a. "Date of Entry of this Consent Decree" shall mean the date that this Consent Decree is entered by the Court.

    b. "The Incident" shall mean the cutting of a horse trail upon property owned by the United States located within the SMMNRA on or about August 18, 2003.

    c. "Interest" shall mean interest as calculated in accordance with 28 U.S.C. § 1961.

    d. "PSRPA" shall mean the National Marine Sanctuaries Act, 16 U.S.C. §§ 19jj to 19jj-4.

    e. "SMMNRA" shall mean Santa Monica Mountains National Recreation Area.

## PAYMENT

4. Within 30 days of the Date of Entry of this Consent Decree, Defendant shall pay the sum of $56,500 for Response Costs and Damages, plus an additional $245 representing the interest that would accrue from the date of lodging of this Consent Decree through the date of payment. Payment shall be made by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice account in accordance with current EFT procedures, referencing DOJ Case Number 90-5-1-1-08909 and the title and civil action number of this case. Payment shall be made in accordance with instructions provided to the Defendant by the Financial Litigation Unit of the United States Attorney's Office for the Central District of California, following lodging of this Consent Decree with the Court. Any payments received by the Department of Justice after 4:00 p.m. (Eastern Time) will be credited on the next business day. A transmittal letter indicating that the EFT has occurred shall be sent to the Parties in accordance with the paragraph below entitled "Notices and Submissions."

5. The total amount to be paid by Defendant pursuant to Paragraph 4 shall be deposited by the U.S. Department of Justice in DOI's Natural Resource Damage Assessment and Restoration Fund, to be applied toward response and damage assessment costs incurred by the United States, and/or to be managed by DOI for natural resource restoration projects related to the Incident.

## STIPULATED PENALTIES/DEFAULT

6. Defendant shall pay a Stipulated Penalty of $500 per day for failure to timely make payment under Paragraph 4 of this Consent Decree. Stipulated Penalties for late payment shall begin to accrue on the day after payment is due and shall continue to accrue through the date of payment.

7. In addition to the Stipulated Penalties described in Paragraph 6, Interest shall begin to accrue on the unpaid amount due under Paragraph 4 on the day after payment is due and shall continue to accrue through the date of full payment.

8. Payment of a Stipulated Penalty shall not affect Defendant's obligation to satisfy the requirements of this Consent Decree, except for the obligation to pay the Stipulated Penalty.

9. Defendant shall pay Stipulated Penalties within 30 days of the date of demand for payment by the United States. Stipulated Penalties shall be paid in the manner instructed by the United States. If Defendant fails to pay Stipulated Penalties within 30 days of the date of demand for payment, Interest shall accrue on the Stipulated Penalties through the date of payment. The United States may institute proceedings to collect Stipulated Penalties as well as any associated Interest.

10. Defendant shall be liable for attorney's fees and costs incurred by the United States associated with the collection of Stipulated Penalties or any other amounts due under this Consent Decree.

11. If Defendant fails to timely make any payment under this Consent Decree, or to take any action specified in this Consent Decree, this Consent Decree shall be considered an enforceable judgment against Defendant for purposes of post-judgment collection under Federal Rule 69, Federal Rules of Civil Procedure, and other applicable statutory authority without further order of this Court.

12. Nothing contained in this Consent Decree shall be construed to prevent or limit the rights of the United States to seek or obtain any other remedy, sanction or relief that may be available by virtue of Defendant's failure to comply with this Consent Decree, the PSRPA, or any other applicable law or regulation.

# EFFECT OF SETTLEMENT

13. In consideration of the compensation provided by Defendant in accordance with this Consent Decree, and except as provided in the following Paragraph, the United States covenants not to sue or to take any other civil or administrative action against Defendant or Raul Ramos under the PSRPA or California trespass law, including Cal. Civ. Code § 3346 and Cal. Civ. Proc. Code § 733, to recover Response Costs or Damages stemming from the Incident. This covenant not to sue is not effective until, and is conditioned upon, complete and satisfactory performance by Defendant of her obligations under this Consent Decree. This covenant not to sue extends only to Defendant and Raul Ramos and does not extend to any other person.

14. Plaintiff reserves, and this Consent Decree is without prejudice to, all rights of the United States against Defendant with respect to all matters other than those expressly specified in the preceding Paragraph.

15. Defendant hereby covenants not to sue and agrees not to assert any claims or causes of action (including but not limited to claims under the Constitution of the United States of America) against the Plaintiff and its employees, agents, experts, or contractors, with respect to the Incident and with respect to the allegations contained in the Complaint.

16. Defendant reserves, and this Consent Decree is without prejudice to, all rights of Defendant against the United States with respect to all matters other than those expressly specified in the preceding Paragraph.

## NOTICES AND SUBMISSIONS

17. Any notices or correspondence required to implement this Consent Decree shall be in writing and shall be deemed to have been made when sent by certified mail or its equivalent, including overnight courier, to the persons specified below. Notices or correspondence shall refer to DJ No. 90-5-1-1-09107 and the title and civil action number of this case, and shall be sent to:

<u>As to the United States</u>:

> United States Department of Justice
> Chief, Environment and Natural Resources Division
> Environmental Enforcement Section
> P.O. Box 7611
> Washington, D.C. 20005

and

> United States Department of the Interior
> Office of the Field Solicitor
> Pacific Southwest Region
> San Francisco Field Office
> 1111 Jackson Street, Suite 735
> Oakland, CA 94607

and

> Santa Monica Mountains National Recreation Area
> Superintendent
> 401 West Hillcrest Drive
> Thousand Oaks, CA 91360

<u>As to Ms. Blake</u>:

> Jillisa L. O'Brien
> David Davidson
> Murtaugh Meyer Nelson & Treglia LLP
> 2603 Main Street, 9th Floor
> Irvine, CA 92614-6232

## RETENTION OF JURISDICTION

18. The Court shall retain jurisdiction over both the subject matter of, and the Parties to, this action for the purposes of enforcing the Parties' rights and

obligations under this Consent Decree until such time as Defendant has fulfilled all obligations under this Consent Decree.

## SIGNATORIES

19. Each undersigned representative certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.  This Consent Decree may be signed in counterparts, and such counterpart signature pages shall be given full force and effect.

## PUBLIC COMMENT

20. This Consent Decree shall be subject to a public comment period of not less than 30 days pursuant 28 C.F.R. § 50.7.  The United States may modify or withdraw its consent to this Agreement if comments received disclose facts or considerations which indicate that this Agreement is inappropriate, improper, or inadequate.  Defendant consents to the entry of this Consent Decree without further notice, and agrees not to oppose entry of this Consent Decree by this Court.

## ENTIRE AGREEMENT

21. This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Consent Decree and supersedes all prior agreements and understandings, whether oral or written.  No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Consent Decree or the settlement it represents, nor shall it be used in construing the terms of this Consent Decree.

# FINAL JUDGMENT

22. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between the United States and Defendant.

So Ordered.

Dated: May 30, 2008

_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE
CENTRAL DISTRICT OF CALIFORNIA